*Exhibit B*

Filed
2/11/2016 1:08:09 PM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2016CVT000394D4

CAUSE NO. _____

| | | |
|---|---|---|
| ERIC LEESON, § | | IN THE DISTRICT COURT |
| *Plaintiff* § | | |
| § | | |
| vs. § | | \_\_\_\_ JUDICIAL DISTRICT |
| § | | |
| SUNBELT FURNITURE XPRESS, INC., § | | |
| a subsidiary of ANDERSON TRUCKING § | | |
| SERVICE, INC., AND § | | |
| MICHAEL TODD ADKINS, § | | |
| *Defendants* § | | WEBB COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES ERIC LEESON, Plaintiff herein, and complains of SUNBELT FURNITURE XPRESS, INC., a subsidiary of ANDERSON TRUCKING SERVICE, INC., AND MICHAEL TODD ADKINS, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

**DISCOVERY LEVEL**

1. Discovery shall be conducted in this case according to Level III discovery control plan.

**PARTIES/SERVICE**

2. Plaintiff, ERIC LEESON, resides in San Marcos, Hays County, Texas.

3. Defendant, ANDERSON TRUCKING SERVICE, INC., is a Minnesota corporation, with a place of business located at 4305 Pan American Blvd., Laredo, Webb County, Texas, and may be served with process by serving the Texas Secretary of State at: Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

4. Defendant, SUNBELT FURNITURE XPRESS, INC., a subsidiary of

PAGE 1

ANDERSON TRUCKING SERVICE, INC., is a North Carolina corporation with a place of business located at 1210 Champion Cir, Carrollton, Dallas County, Texas, and may be served with process by serving its Registered Agent for service: James R. Edwards, 3255 20th Ave. SE, Newton, North Carolina 28658.

5.   Defendant, MICHAEL TODD ADKINS, is an individual residing in Newton, North Carolina, and may be served with process at 1424 Boston Road, Newton, North Carolina 28658.

## JURISDICTION AND VENUE

6.   Venue in Webb County is proper in this cause under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because it is the county where Defendant, ANDERSON TRUCKING SERVICE, INC.'s conducts business and has a principle office there.

7.   Pursuant to Tex. R. Civ. P. 47, this is a cause of action that exceeds $1,000,000.00 in damages and is within the Court's jurisdictional limits.

## FACTS

8.   On or about February 3, 2016, Plaintiff, ERIC LEESON, was the driver of a 2008 white Chevrolet Silverado pickup, traveling east bound on Interstate 10, in Guadalupe County, Texas.  DEFENDANT, MICHAEL TODD ADKINS, was operating a 2017 gray Freightliner truck tractor, with Indiana License Plate **#4599595**, and VIN: **3AKJGLDR0HSHE1846**, pulling a 2007 white trailer, with North Carolina License Plate **#AC79754**, and VIN: **1UYVS25387G109923**, owned by DEFENDANT, SUNBELT FURNITURE XPRESS, INC., a subsidiary of ANDERSON TRUCKING SERVICE, INC., in the course and scope of his employment with Defendants, SUNBELT FURNITURE XPRESS, INC., and ANDERSON TRUCKING SERVICE, INC., and was also traveling eastbound on Interstate 10.  Defendant, MICHAEL TODD ADKINS, suddenly and without warning stuck the Plaintiff's vehicle from the rear.  The investigating officer found Defendant Adkins to be at fault for causing the

collision, that Defendant Adkins took faulty actions, and reported that Defendant Adkins failed to control the speed of the vehicle he was driving. As a result of this collision, Plaintiff sustained severe injuries and damages to his body, as more fully set forth below.

9. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## NEGLIGENCE

### DEFENDANTS, ANDERSON TRUCKING SERVICE, INC., SUNBELT FURNITURE XPRESS, INC., AND MICHAEL TODD ADKINS

10. The occurrence made the basis of this suit, and the resulting injuries and damages to Plaintiff, were proximately caused by the negligent conduct of Defendants. Defendant Adkins operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a. in failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;

b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c. in failing to maintain a safe stopping distance in order to avoid the collision in question;

d. in failing to turn the vehicle in an effort to avoid the collision in question;

e. in failing to maintain control of his vehicle; and

f. in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances.

11. Negligence per se tort claims are established when a plaintiff shows that a defendant violates a statute or ordinance setting an applicable standard of care if the statute is designed to prevent an injury to that class of persons to which the injured party belongs. In that regard, Defendant Adkins' conduct constitutes negligence per se because he failed to exercise the mandatory standard of care set forth in Texas Transportation Code §§ 545.062 and 545.351,

which mandate that:

Sec. 545.062.  FOLLOWING DISTANCE.

(a)  An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

(b)  An operator of a truck or of a motor vehicle drawing another vehicle who is on a roadway outside a business or residential district and who is following another truck or motor vehicle drawing another vehicle shall, if conditions permit, leave sufficient space between the vehicles so that a vehicle passing the operator can safely enter and occupy the space.  This subsection does not prohibit a truck or a motor vehicle drawing another vehicle from passing another vehicle.

(c)  An operator on a roadway outside a business or residential district driving in a caravan of other vehicles or a motorcade shall allow sufficient space between the operator and the vehicle preceding the operator so that another vehicle can safely enter and occupy the space.  This subsection does not apply to a funeral procession.

and;

Sec. 545.351.  MAXIMUM SPEED REQUIREMENT.

(a)  An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b)  An operator:

(1)  may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2)  shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

(c)  An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1)  the operator is approaching and crossing an intersection or railroad grade crossing;

(2)  the operator is approaching and going around a curve;

(3)  the operator is approaching a hill crest;

(4) the operator is traveling on a narrow or winding roadway; and

(5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

12. Defendants SUNBELT FURNITURE XPRESS, INC., and ANDERSON TRUCKING SERVICE, INC., were negligent under the theory of *respondeat superior* in that Defendant Adkins was acting within the course and scope of his employment with SUNBELT FURNITURE XPRESS, INC., and ANDERSON TRUCKING SERVICE, INC., at the time the incident occurred.

13. In addition, ANDERSON TRUCKING SERVICE, INC., and SUNBELT FURNITURE XPRESS, INC., were negligent in one or more of the following aspects:

   a. negligent hiring;

   b. negligent entrustment;

   c. negligent driver qualifications;

   d. negligent training and supervision;

   e. negligent retention;

   f. negligent management; and

   g. negligent maintenance.

14. The above-referenced acts and omissions by Defendants were more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others similarly situated. Accordingly, Defendants' conduct constitutes gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Therefore,

Plaintiff sues for exemplary damages in an amount to be determined at trial.

## EXEMPLARY DAMAGES

15.     The above-referenced acts and/or omissions by Defendants constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

16.     Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

17.     Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

18.     Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## DAMAGES

19.      As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, ERIC LEESON, suffered severe bodily injuries to his shoulder, head, neck, back, and other parts of his body generally, along with neurological injuries.  His entire body was bruised, battered, broken and contused and he suffered great shock to his entire nervous system.  The injuries are permanent in nature.  The injuries have had a serious effect on the

Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, caused the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish, neurological deficits, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

20. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ERIC LEESON, was caused to incur the following damages:

   a. Reasonable medical care and expenses in the past. Plaintiff, ERIC LEESON, incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

   b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment, which will, in all reasonable probability be suffered in the future;

   g. Loss of wages in the past;

   h. Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

   i. Mental anguish in the past;

j.   Mental anguish which will, in all reasonable probability be suffered in the future;

k.   Fear of future disease or condition;

l.   Disfigurement; and

m.   Cost of medical monitoring and prevention in the future.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

21.   Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## JURY DEMAND

22.   Plaintiff, ERIC LEESON, demands a trial by jury.  Plaintiff acknowledges payment this date of the required jury fee.

## REQUEST FOR DISCLOSURE

23.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose within fifty (50) days after service of this Petition the information or material described in Rule 194.2 (a) through (l).

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

**I.**

1.  Comes now, Plaintiff, ERIC LEESON, before this Honorable Court and file a motion for temporary injunction and in connection therewith, presents a motion for a temporary restraining order together with her original petition for injunction and affidavit supporting the motion presented.

**II**

2.  Plaintiff requests a temporary restraining order and temporary injunction that unless Defendants, SUNBELT FURNITURE XPRESS, INC., ANDERSON TRUCKING SERVICE, INC., AND MICHAEL TODD ADKINS, their agents, their servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the 2017 gray Freightliner truck tractor, with Indiana License Plate #**4599595**, and VIN: **3AKJGLDR0HSHE1846**, and the 2007 white trailer, with North Carolina License Plate #**AC79754**, and VIN: **1UYVS25387G109923**, involved in the February 3, 2016, collision, and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on February 3, 2016, and any other evidence, to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant MICHAEL TODD ADKINS, they will not commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

3. Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendants, SUNBELT FURNITURE XPRESS, INC., and ANDERSON TRUCKING SERVICE, INC., their agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant, MICHAEL TODD ADKINS, at the time of the collision on February 3, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, GPS tracking device on the tractor and trailer or any downloaded information relating to any GPS tracking device or system on the tractor and trailer, any and all operational or trip related documents created or received by Defendants, SUNBELT FURNITURE XPRESS, INC., and ANDERSON TRUCKING SERVICE, INC., and Defendant MICHAEL TODD ADKINS, to include any trip tickets, MICHAEL TODD ADKINS' daily logs, record of MICHAEL TODD ADKINS' duty status, MICHAEL TODD ADKINS' daily condition report, payment of services, MICHAEL TODD ADKINS' Qualification File and Personnel File as required by any applicable regulations for Defendants, SUNBELT FURNITURE XPRESS, INC., and ANDERSON TRUCKING SERVICE, INC., all maintenance records, repair reports and any other document related to repairs or maintenance of the tractor and trailer involved in the incident on February 3, 2016, and any other documents, reports, or memoranda related to this incident, it will not commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

### III.

4. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court order that Defendants, SUNBELT FURNITURE XPRESS, INC., and ANDERSON

TRUCKING SERVICE, INC., and Defendant MICHAEL TODD ADKINS, their agents, servants, employees or <u>anyone</u> having knowledge of this order are hereby commanded forthwith to desist and refrain from the following:

      5.     Taking any action that might alter, damage or destroy the tractor and trailer involved in the February 3, 2016, collision and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on February 3, 2016, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant MICHAEL TODD ADKINS; and

      6.     Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant MICHAEL TODD ADKINS at the time of the collision on February 3, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the tractor and trailer or any downloaded information relating to any GPS tracking device or system on the tractor and trailer; and

      7.     Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendants, SUNBELT FURNITURE XPRESS, INC., and ANDERSON TRUCKING SERVICE, INC., and Defendant MICHAEL TODD ADKINS, to include any trip tickets, MICHAEL TODD ADKINS' daily logs, record of MICHAEL TODD ADKINS' duty status, MICHAEL TODD ADKINS' daily condition report, payment of services, MICHAEL TODD ADKINS' Qualification File and Personnel File as required by any applicable regulations for Defendants, SUNBELT FURNITURE XPRESS, INC., and ANDERSON TRUCKING SERVICE, INC.; and

      8.     Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the tractor and trailer

involved in the February 3, 2016, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on February 3, 2016, and any other documents, reports, or memoranda related to this incident.

## IV.

9. On information and belief, Defendants, are not represented by counsel.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre judgment interest;
12. Post judgment interest;
13. Exemplary damages;
14. Loss of past wages;
15. Loss of future wages;
16. Loss of wage earning capacity;
17. Property damage; and
18. Loss of use.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr St.
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: *s/Travis Venable*_____
Travis E. Venable
WDTX Fed. Bar No. 28492
TX State Bar No. 24068577
Thomas J. Henry
TX State Bar No. 09484210
**ATTORNEYS FOR PLAINTIFF**